**Exhibit A**

## IN THE COURT OF COMMON PLEAS
## SUMMIT COUNTY, OHIO

| | |
|---|---|
| **JOHN Y. KIM** ) | CASE NO: |
| 4100 Embassy Parkway ) | |
| Akron, OH 44333 ) | **JUDGE** |
| ) | |
| **Plaintiff,** ) | **COMPLAINT** |
| v. ) | |
| ) | **(JURY DEMAND ENDORSED HEREON)** |
| **TEAM STRADALE, INC.** ) | |
| c/o Statutory Agent ) | |
| Michael W. Hansen ) | |
| 735 Essington Rd., Suite 102 ) | |
| Joliet, IL 60435 ) | |
| ) | |
| and ) | |
| ) | |
| **TEAM STRADALE DRIVING, LLC** ) | |
| c/o Statutory Agent ) | |
| Michael W. Hansen ) | |
| 735 Essington Rd., Suite 102 ) | |
| Joliet, IL 60435 ) | |
| ) | |
| and ) | |
| ) | |
| **FRANCESCO D'AVOLA** ) | |
| 10457 Penny Lane, ) | |
| Frankfort, Illinois, 60423 ) | |
| ) | |
| **Defendants.** ) | |

Now comes Plaintiff, John Y. Kim ("Kim" or "Plaintiff"), by and through undersigned counsel, and for his Complaint against Team Stradale, Inc. and Team Stradale Driving LLC (collectively "Stradale"), and against Francesco D'Avola ("D'Avola") (collectively "Defendants"), states as follows:

1

## PARTIES

1.  Plaintiff is an Ohio citizen and resides at 4104 Meadowcreek Lane, Akron, Ohio, 44321.

2.  Defendant Team Stradale, Inc. is an Illinois corporation with its principal place of business located at 3795 Centerpoint Way #3761, Joliet, IL 60436.

3.  Defendant Team Stradale Racing, LLC ("TSR"). is an Illinois company with its principal place of business located at 3795 Centerpoint Way #3761, Joliet, IL 60436.

4.  Defendant Francesco D'Avola is an Illinois Citizen and resides at 10457 Penny Lane, Frankfort, Illinois, 60423.

## JURISDICTION AND VENUE

5.  Jurisdiction exists in the Summit County Court of Common Pleas pursuant to Ohio Revised Code §2305.01 because this is a civil action in which the amount in controversy exceeds $25,000.00, exclusive of all interest and punitive damages, costs, and attorney's fees.

6.  This Court has personal jurisdiction over all Defendants because all the wrongful acts arise out of Defendants' business actions taken in Summit County.

7.  Venue lies in the Summit County Court of Common Pleas pursuant to Ohio Civ. R. 3(C) because it is the County in which all of the tortious conduct occurred, and Plaintiff resides in Summit County, Ohio.

## FACTS APPLICABLE TO ALL CLAIMS

1.  D'Avola is the owner, operator, and majority member of TSR.

2.  D'Avola is the owner, operator, and majority shareholder of TSI.

3.  In or about September 2022 Plaintiff purchased the first of two model SR10 driving cars ("SR10-1").

4. SR10-1 was purchased from Defendants.

5. SR10-1 was the third SR10 ever produced and consisted of chassis number three ("Chassis 3") and engine number three ("Engine 3").

6. In or about October 2022 Plaintiff was driving SR10-1 when the car crashed due to a malfunction with the braking system.

7. As a result of the crash, Chassis 3 was irreparably damaged while Engine 3 remained unharmed.

8. To continue driving, Plaintiff purchased from Defendants a second SR10 ("SR10-2") with sixty (60) hours of operation on it ("The Contact").

9. SR10-2 consisted of "Chassis 86" and "Engine 91", which reflect their production numbers.

10. It is standard in the driving industry to rebuild/repair an engine after eighty (80) hours of operation.

11. Accordingly, when Plaintiff purchased SR10-2, Defendants agreed to rebuild/repair Engine 91 after 80 hours of operation.

12. Sometime after Plaintiff began driving SR10-2, and at the eighty (80) hour mark, the alternator belt malfunctioned on Engine 91.

13. The alternator belt is a rubber belt connected to a series of intricate pulleys which turn not only the alternator, but also the water pump which cools the engine.

14. Defendants had been providing trackside assistance when the alternator belt malfunctioned.

15. Because the engine in SR10-2 had reached the 80-hour mark at this time, they took possession of SR10-2 in order to repair/rebuild Engine 91 in accordance with the contract.

16.　While Engine 91 was being repaired/rebuilt, Plaintiff requested Defendants install Engine from the original SR10-1 into SR10-2.

17.　Accordingly, Defendants installed Engine 3, which had very few hours of operation on it, into SR10-2.

18.　However, Defendants improperly installed Engine 3 into SR10-2 along with the faulty alternator belt.

19.　For purposes of clarity, the only component from SR10-1, now contained in SR10-2, is Engine 3.

20.　Upon receipt of the allegedly repaired SR10-2, Plaintiff attempted to drive it whereupon he encountered performance issues stemming from mechanical failures.

21.　Plaintiff was forced to "bleed" the cooling system every time the car was operated in order to keep it functioning.

22.　"Bleeding the system" means that the car's coolant system needs to be opened up to allow trapped air to escape.

23.　While engaging in this repetitive "bleeding" process, Plaintiff became aware that the wires to the alternator were loose causing "arcing", the shift paddles were malfunctioning, and there were three (3) coolant hoses leaking due to loose clamps.

24.　Thereafter, Plaintiff learned that coolant was leaking into the engine cylinders.

25.　Because of the deficient installation of the Engine 3 into the SR10-2, the head gasket failed due to overheating.

26.　Due to the mechanical issues caused by its improper installation, Engine 3 has been irreparably damaged.

4

27. Plaintiff then took Engine 3 to Defendants to be swapped out of SR10-2 with the newly rebuilt/repaired Engine 91.

28. Engine 3 is currently being held at Defendants' shop.

29. Defendants refuse to return Engine 3 to Plaintiff.

## CLAIM I
(Breach of Contract)

30. Plaintiff incorporates by reference all facts, statements and allegations contained in the above paragraphs as though expressly re-written and restated herein.

31. Plaintiff Contracted with Defendants for the correct and proper installation of Engine 3 into SR10-2.

32. Plaintiff performed all of his obligations under the contract.

33. Defendants did not correctly or properly install Engine 3 into SR10-2.

34. As a result of Defendants' failure to correctly and properly install Engine 3, Engine 3 has been irreparably damaged.

35. As the direct and proximate cause of Defendants' breach of contract, Plaintiff has been damaged in excess of $25,000.00 plus attorneys' fees, and the costs and expenses associated with litigation, but not to exceed $75,000.00.

## CLAIM II
(Fraud)

36. Plaintiff incorporates by reference all facts, statements and allegations contained in the above paragraphs as though expressly re-written and restated herein.

37. Defendants represented to Plaintiff that they would correctly and properly install Engine 3 into SR10-2.

38. The installation of Engine 3 into SR10-2 was material to the exchange between Plaintiff and Defendants.

39. Defendants knew that the Engine 3 had not been properly and correctly installed.

40. It was Defendants' intent to mislead Plaintiff into relying on their false assertion that Engine 3 had been or would be properly and correctly repaired.

41. Plaintiff was justified in his reliance on Defendants' assertion that Engine 3 had been properly and correctly installed.

42. Plaintiff's reliance on Defendants' assertion was a proximate cause of engine three's (3) failure and Plaintiff's damages.

43. As the direct and proximate cause of Defendants' fraud, Plaintiff has been damaged in excess of $25,000.00 plus attorneys' fees, and the costs and expenses associated with litigation, but not to exceed $75,000.00.

## **CLAIM III**
(Breach of Warranty)

44. Plaintiff incorporates by reference all facts, statements and allegations contained in the above paragraphs as though expressly re-written and restated herein.

45. Defendants warranted that Engine 3 was correctly and properly installed.

46. Engine 3 was not correctly and properly installed.

47. Plaintiff returned engine three (3) to Defendants after it was damaged due to the improper installation.

48. Defendants have not repaired or even returned the engine to Plaintiff.

49. As the direct and proximate cause of Defendants' breach of warranty, Plaintiff has been damaged in excess of $25,000.00 plus attorneys' fees, and the costs and expenses associated with litigation, but not to exceed $75,000.00.

6

## CLAIM IV
(Conversion)

50. Plaintiff incorporates by reference all facts, statements and allegations contained in the above paragraphs as though expressly re-written and restated herein.

51. Plaintiff owned engine three (3) at the time possession of it was given to Defendants and maintains ownership to date.

52. Defendants refuse to return possession of engine number (3) to Plaintiff.

53. As a result of Defendants' refusal to return engine three (3) to Plaintiff, Plaintiff has suffered damages.

54. As the direct and proximate cause of Defendants' Conversion, Plaintiff has been damaged in excess of $25,000.00 plus attorneys' fees, and the costs and expenses associated with litigation, but not to exceed $75,000.00.

## CLAIM V
(Trespass to Chattels)

55. Plaintiff incorporates by reference all facts, statements and allegations contained in the above paragraphs as though expressly re-written and restated herein.

56. Engine three (3) is owned by Plaintiff.

57. Defendants currently have possession of engine three (3).

58. Defendants intentionally refuse to return possession of engine three (3) to Plaintiff.

59. As the direct and proximate cause of Defendants' Trespass to Chattles, Plaintiff has been damaged in excess of $25,000.00 plus attorneys' fees, and the costs and expenses associated with litigation, but not to exceed $75,000.00.

**WHEREFORE**, John Y. Kim prays for the following orders from this Honorable Court:

i. An Order finding Defendants Team Stradale, Inc., Team Stradale Driving, LLC., and Francesco D'Avola in breach of their contract with defendant;

ii. An Order finding Defendants Team Stradale, Inc., Team Stradale Driving, LLC., and Francesco D'Avola liable for fraud;

iii. An Order finding Defendants Team Stradale, Inc., Team Stradale Driving, LLC., and Francesco D'Avola in breach of their warranty;

iv. An Order finding Defendants Team Stradale, Inc., Team Stradale Driving, LLC., and Francesco D'Avola liable for conversion;

v. An Order finding Defendants Team Stradale, Inc., Team Stradale Driving, LLC., and Francesco D'Avola liable for trespass to chattels.

vi. An Order requiring Defendants to return possession of engine three (3) to Plaintiff;

vii. Costs, expenses, and attorney fees arising from directly relating to this action; and,

viii. Such other and further relief to which John Y. Kim may be entitled to in law or in equity.

Respectfully submitted,

*/s/Edward A. Proctor, Esq.*
Edward A. Proctor (0069877)
Daniel J. Nichols (0105080)
KIM AND ASSOCIATES, LLC
4100 Embassy Pkwy., Suite 200
Akron, Ohio 44333-1783
Telephone: (330)396-7900
Facsimile: (330)396-7901
Email: eproctor@kimassociateslaw.com
djn@kimassociateslaw.com
*Attorneys for Plaintiff*

8

## JURY DEMAND

Plaintiff hereby demands that this Complaint be decided at trial by the maximum amount of jurors available under Ohio law.

Respectfully submitted,

*/s/Edward A. Proctor, Esq.*
Edward Proctor (0069877)
*Attorney for Plaintiff*